IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRINIDAD O. HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | A-11-CA-071 LY |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective January 1, 1994. Before the Court are Plaintiff's Brief, filed June 18, 2011 (Clerk's Dkt. #21), the Brief in Support of the Commissioner's Decision, filed August 17, 2011 (Clerk's Dkt. #26), Plaintiff's Reply Brief, filed August 26, 2011 (Clerk's Dkt. #27) and the Social Security Record filed in this case ("Tr.").

I. PROCEDURAL HISTORY

Plaintiff Trinidad O. Hernandez ("Hernandez") filed for disability benefits on December 27, 2005 alleging disability beginning July 21, 2005. (Tr. 229). Plaintiff's claim was denied at the administrative level, and a hearing was conducted before an Administrative Law Judge ("ALJ") on June 21, 2007. (Tr. 11, 76). The ALJ issued an unfavorable decision on September 28, 2007. (Tr.

126-37). On April 25, 2008, the Appeals Council remanded the case to the ALJ and instructed him to further evaluate Plaintiff's mental impairments, her complaints of headaches and to obtain supplemental evidence from a vocational expert to assess the effects of Plaintiff's limitations on her occupational base. (Tr. 11, 193-95).

The ALJ conducted a second hearing on October 20, 2008. (Tr. 22). The ALJ issued his second decision on March 10, 2009. In his decision, the ALJ found Hernandez suffered from the severe impairments of "history of tension and migraine headaches, short term memory loss, shortness of breath, fainting episodes and depression," but that she retained the residual functional capacity to perform jobs that existed in significant numbers in the national economy through the date last insured. (Tr. 13-20). Plaintiff appealed. (Tr. 6-7). The Appeals Council denied Plaintiff's request for review of the ALJ's decision on December 10, 2010. (Tr. 1-3). Hernandez filed this action seeking judicial review of the ALJ's decision on January 24, 2011.

## II. RELEVANT BACKGROUND

Hernandez was born on March 19, 1963. (Tr. 229). She is a high school graduate. (Tr. 26). Hernandez's last date insured was December 31, 2007. (Tr. 13).

During the second hearing in October 2008, the ALJ asked the vocational expert:

> assume you have a hypothetical individual with [the work history of Hernandez]. Assume that this individual during an eight-hour workday can sit for six hours, and stand and walk six hours. Lift and carry 20 pounds occasionally, 10 frequently. And can push or pull to that weight. Can frequently handle, finger, feel, and reach. Occasionally crawl, squat, stoop, or bend, or climb. But no climbing of ladders, and no working at heights or around hazardous machinery. Assume that the person can concentrate for extended periods of time, respond appropriately to routine changes in the work environment, and can perform simple repetitive tasks.

(Tr. 72). The vocational expert testified such a person would be precluded from her past relevant work, but there would be other work the person could perform. (Tr. 72-73). Specifically, the expert testified such a person could work as an office helper, with 10,000 positions in Texas, and 140,000 positions in the national economy; a small parts assembler, with 13,000 positions in Texas and 162,000 positions in the national economy; as well as housekeeping cleaner, with 35,000 positions in Texas and 500,000 positions in the national economy. (Tr. 73).

As noted above, in his opinion, the ALJ found Hernandez suffered from impairments including headaches, memory loss, shortness of breath, fainting episodes, and depression, but those impairment did not meet the criteria of a listed impairment. (Tr. 13). The ALJ further found Hernandez:

> had the residual functional capacity to perform lifting and carrying 20 pounds occasionally and 10 pounds frequently. She was able to stand/walk for 6 of 8 hours and sit for 6 of 8 hours. She could occasionally handle, finger, feel, and reach. She could occasionally crawl, squat, stoop, bend, and climb. However [she] was restricted from climbing ladders, working at heights, or around hazardous machinery. From a mental standpoint, the claimant was able to perform simple repetitive tasks. She was able to concentrate for extended periods of time and respond appropriately to routine changes in the work environment.

(Tr. 15).

Based on these limitations, the ALJ found Hernandez's exertional and nonexertional limitations precluded her from performing the full range of light work. He further stated:

> To determine the extent to which these limitations erode the unskilled light occupational base, through the date last insured, the Administrative Law Judge asked the vocational expert whether jobs existed in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the
> individual would have been able to perform the requirements of representative occupations such as office helper, with 10,000 jobs existing in the regional economy and 140,000 in the national economy; small parts assembler, with 13,000 jobs

existing in the regional economy and 162,000 in the national economy: housekeeping cleaner. with 35,000 jobs existing in the regional economy and 500,000 in the national economy.

(Tr. 20). The ALJ thus concluded Hernandez was not under a disability through the date last insured. (Tr. 21).

## II. ISSUES

Plaintiff attacks the decision of the ALJ on one overarching basis, namely that the judge's finding that she can perform other jobs is not supported by substantial evidence. According to Plaintiff, the ALJ erred by posing a hypothetical question to the vocational expert which did not incorporate the appropriate limitations, thus the expert testimony based on the hypothetical question does not constitute substantial evidence to support the ALJ's decision. Further, she argues the opportunity to cross-examine the vocational expert did not cure the defective hypothetical question.

## III. LEGAL STANDARDS

**A. Legal Standard of Review**

Judicial review in social security cases is limited by statute. *See* 42 U.S.C. § 405(g); *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). The district court reviews the record to determine whether the Commissioner's decision is legally correct and supported by substantial evidence. *See Austin v. Shalala,* 994 F.2d 1170, 1174 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is defined as "relevant evidence that a reasonable mind might accept to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). It is more than a scintilla, but less than a preponderance. *See Richardson,* 402 U.S. at 401, 91 S. Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Johnson v. Bowen,* 864 F.2d 340, 343-44 (5th Cir. 1988). However, the court

must scrutinize the entire record to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988).

**B.     Administrative Definitions and Standards**

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met. *See* 42 U.S.C. § 423. The Act defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *See id.* § 423(d)(1)(A); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

The Commissioner has promulgated a five-step sequential process to be used by hearing officers in disability cases, which the undersigned summarizes as follows:

> 1.     The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2.     The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.
>
> 3.     The hearing officer must then determine if the impairment equals or exceeds in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.
>
> 4.     If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.
>
> 5.     If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987). The burden then shifts to the Commissioner to show the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

### IV. ANALYSIS

Plaintiff contends the ALJ's decision is not based on substantial evidence because the hypothetical question posed to the vocational expert was flawed. Specifically, Hernandez argues the judge's hypothetical question posed a claimant able to frequently handle, finger, feel and reach, but in his opinions he stated she was limited to only occasionally be able to engage in those actions. According to Plaintiff, this discrepancy renders the ALJ's opinion fatally flawed.

In response, the Commissioner maintains the statement in the opinion that Plaintiff was limited to only occasionally handling, fingering, feeling and reaching is a typographical error because the substantial evidence does not support such a limitation. He argues Plaintiff must show any error by the ALJ was harmful and cannot do so in this case because the evidence does not support the limitation identified in the ALJ's decision. Thus, the Commissioner contends the purported flaw identified by Plaintiff does not provide a basis for challenging the ALJ's decision.

The burden at the final step of the analysis, however, is on the Commissioner to show there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied by expert vocational testimony. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). A

hypothetical question to a vocational expert cannot provide substantial evidence supporting the denial of benefits unless: (1) the hypothetical reasonably incorporates all the disabilities of the claimant recognized by the ALJ; and (2) the claimant or her representative is afforded the opportunity to correct deficiencies in the question. *Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Where an ALJ finds that a claimant is not disabled based on answers to a defective hypothetical, substantial evidence does not support the finding, and the case should be reversed and remanded for further administrative proceedings. *Bridges v. Comm'r of Social Sec. Admin.*, 278 F. Supp. 2d 797, 807 (N.D. Tex. 2003).

The Commissioner does not disagree the hypothetical posed to the vocational expert did not include the impairment set forth by the ALJ in his decision. Further, it is clear from the decision the ALJ based his conclusion "in part on the testimony of the vocational expert." (Tr. 20). The Commissioner nonetheless contends the Court should uphold the decision because there is substantial evidence in the record that Plaintiff's impairment level is consistent with the hypothetical claimant posed to the vocational expert.

Simply put, the Commissioner asks this Court to look beyond the bounds of the decision made by the ALJ and the evidence cited therein to uphold the Commissioner's determination that Plaintiff is not disabled. The inquiry proposed by the Commissioner is beyond the scope appropriate for a district court in reviewing appeals of disability determinations. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (court does not reweigh evidence in record, try issues de novo, or substitute its judgment for Commissioner's); *Guillen v. Astrue*, 584 F. Supp. 2d 930, 936 (W.D. Tex. 2008) (Commissioner did not carry burden where denial of benefits relied on vocational expert testimony based on faulty hypothetical posed by ALJ and court may not speculate whether ALJ would reach

same conclusion based on different evidence); *Bagwell v. Barnhart*, 338 F. Supp. 2d 723, 735 (S.D. Tex 2004) (declining to consider Commissioner's argument that record contradicted ALJ's conclusion as to level of impairment because court is limited to addressing reasons set forth in ALJ's decision); *Augustine v. Barnhart*, 2002 WL 31098512, at *10 n.17 (E.D. Tex. Aug. 27, 2002) (even if court is able to discern record evidence supporting decision, remand required because district court does not have authority to make de novo determinations of Social Security disability claims). *See also Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so"); *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008) (reviewing courts do not consider rationales supporting ALJ's decision that are not invoked by ALJ).

Because the ALJ's unfavorable decision was based on the vocational expert's answers to a defective hypothetical question, substantial evidence does not support the ALJ's finding that Plaintiff was not disabled, this case should be reversed and remanded for further administrative proceedings. *See Ellis v. Astrue*, 2010 WL 3422872, at *6 (N.D. Tex. July 27, 2010) (ALJ's reliance on vocational expert testimony given in response to defective hypothetical question is cause for reversible error).

## V. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court order the Commissioner's decision be reversed and the case remanded pursuant to 42 U.S.C. § 405 for further proceedings consistent with applicable law.

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE